# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| STEVEN J. RULE, | **No. 04-01799** |
| **Debtor.** | |

_____

| | |
|---|---|
| NANCY ROE, DIANE JOHNSON and WALLY OLSON, AS PERSONAL REPRESENTATIVES FOR THE ESTATE OF JO ANN OLSON AND OLSON & OLSON, LLC., | |
| **Plaintiffs,** | Adv. Proceeding No. 04-6190 |
| vs. | |
| RULE SALES & SERVICES, INC., an Idaho corporation, and STEVEN RULE, an individual, | |
| **Defendants.** | |

_____

**MEMORANDUM OF DECISION**
_____

MEMORANDUM OF DECISION - 1

**Appearances:**

>Terri R. Yost, JONES, GLEDHILL, HESS, FUHRMAN & EIDEN, Boise, Idaho, Attorney for Plaintiffs.
>
>William A. McCurdy, McCURDY LAW OFFICES, Boise, Idaho, Attorney for Defendants.

## Introduction

Plaintiffs Olson & Olson, LLC, and Nancy Roe, Diane Johnson, and Wally Olson ("Plaintiffs") hold a $400,000 state court judgment against Chapter 7 Debtor Steven Rule and his company, Rule Sales & Service, Inc. ("Defendants").[1] In this adversary proceeding, they ask that $250,000 of that debt be excepted from Debtor's discharge in bankruptcy under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). Compl., Docket No. 1. In a motion for summary judgment, Plaintiffs contend that the state court money judgment preclusively establishes that $250,000 of the judgment debt is nondischargeable. Defendants disagree. After due consideration, the Court concludes that the judgment is not entitled to any preclusive effect and cannot be used to establish the elements of Plaintiffs'

---

[1] Debtor and his corporation were both defendants in the state court action, and are judgment debtors. While the question has not been presented to the Court, even though Debtor's company is also named as a defendant in Plaintiffs' adversary complaint, Rule Sales & Service, Inc. has not filed for bankruptcy relief and is likely not a proper party in this action. Moreover, even had Rule Sales & Service, Inc. filed a Chapter 7 bankruptcy petition, it would be ineligible for a discharge. 11 U.S.C. § 727(a)(1). With this caveat, the Court refers herein to "Defendants."

MEMORANDUM OF DECISION - 2

nondischargeability claims in this case, and that Plaintiffs' motion should be denied.

## Background and Undisputed Facts

**A. The State Court Lawsuit.**

Plaintiffs are Olson & Olson, LLC, and the personal representatives of Jo Ann Olson's probate estate (collectively referred to as "Olson" or "Plaintiffs"). Olson contracted with Defendants to build a car wash on land Olson owned. When the costs of the project exceeded the amount Defendants had quoted to Plaintiffs, and for other reasons, on January 17, 2002, Olson sued Defendants in state court seeking money damages and alleging that Defendants were guilty of breach of fiduciary duty, fraud, breach of contract, and breach of the covenant of good faith and fair dealing. Aff. of Hess, Ex. A, Docket No. 13. Plaintiffs later sought leave to amend their complaint to claim punitive damages for slander of title, contending that Defendants filed an invalid mechanic's lien against the Olson property that Defendants allowed to remain in place for over one year. Aff. of Hess, Ex. E, Docket No. 13. On October 31, 2002, the state court granted Plaintiffs' motion to amend, finding that a "reasonable probability exists that the Plaintiff [sic] will present evidence at the time of trial . . . to support an award for punitive damages . . . ." Aff. of Hess, Ex. G, Docket No. 13. *See also* Am.

MEMORANDUM OF DECISION - 3

Compl., Aff. of Hess, Ex. H, Docket No. 13.

On June 24, 2003, the day scheduled for the trial, the parties reached a settlement. They recited the terms of their agreement on the record in open court. Aff. of Hess, Ex. I, Docket No. 13. The oral settlement terms were that: (1) a judgment would be entered against Defendants and in favor of Plaintiffs for $400,000, with "the exact makeup of that judgment and the basis for that judgment . . . [to be shown] to the court in an evidentiary hearing;" (2) Plaintiffs agreed not to execute on the judgment "so long as the malpractice case pursued against Mr. Rule's prior counsel . . . is pursued . . . in good faith," the understanding being that Plaintiffs would be paid in full first from any recovery or settlement of that malpractice claim; (3) Defendants agreed to release the lien on Olsen's property; and (4) Defendants agreed to pay Plaintiffs $10,000 immediately, and to make an additional cash payment of $20,000 within one year, this promise to be evidenced by a note secured by assets to be agreed upon by the parties. Aff. of Hess, Ex. I, Tr. at 1–7, Docket No. 13.

As agreed, the court conducted a June 27 hearing, at which the parties presented information regarding the specific breakdown of the $400,000 judgment. Aff. of Hess, Ex. I, Tr. at 7, 10–11, Docket No. 13.[2]

---

[2] No transcript or other record of these proceedings has been submitted to the Court.

MEMORANDUM OF DECISION - 4

Thereafter, Plaintiffs presented proposed documents to Defendants to memorialize their settlement. Aff. of McCurdy, Ex. C, Docket No. 19. However, at that time, Defendant Steven Rule was engaged in divorce proceedings that compromised his ability to settle. Aff. of Hess, Ex. I, Tr. at 6, 9–10, Docket No. 13. When Defendants did not execute the documents that Plaintiffs prepared, on July 29, 2003, Plaintiffs filed a motion in state court to enforce the settlement agreement. Aff. of Hess, Ex. J, Docket No. 13.

The court heard Plaintiffs' motion on September 4, 2003. It decided to enter a money judgment proposed by Plaintiffs and to order Defendants to release their lien. But the court declined to enter judgment or orders effectuating other components of the parties' settlement, including Plaintiffs' covenant not to execute and the provisions concerning Defendants' right to defer payment under the note. Aff. of Hess, Ex. I, Tr. at 18–20; Ex. K, Docket No. 13. Specifically, the judgment entered by the court awarded Plaintiffs $400,000.00, and contained the following findings:

> The sum of $100,000.00 is found by the Court to reasonably represent plaintiffs' damages relating to its breach of contract claim; the sum of $200,000.00 is found by the Court to reasonably represent the damages of the plaintiffs on their breach of fiduciary duty, fraud, and slander of title claims; the sum of $50,000.00 is found by the Court to be a reasonable sum representing the punitive damages that are imposed upon the

MEMORANDUM OF DECISION - 5

> defendants in order to punish the defendants and to
> deter the defendants from any future similar conduct;
> the sum of $50,000 is found by the Court to be a
> reasonable sum representing the attorneys fees incurred
> by the plaintiffs in pursuing their claim, and includes
> sums ordered by the court to be paid by the defendants
> due to the defendants' motion to vacate the trial as
> originally set.

Aff. of Hess, Ex. L, Docket No. 13. The court entered a separate order releasing the lien Defendants had filed against Olsen's property. Aff. of Hess, Ex. M, Docket No. 13.

Defendants then filed their own motion to enforce the settlement agreement on November 13, 2003. In it, Defendants argued that the state court had erred when it declined to enforce all of the components of the parties' settlement agreement, such as the covenant not to execute and the provisions for the promissory note. Aff. of Hess, Ex. N, Docket No. 13. The court denied Defendants' motion. Aff. of Hess, Ex. O, Docket No. 13. Defendants appealed the court's decision to the Idaho Supreme Court on March 15, 2004. Aff. of Hess, Ex. P, Docket No. 13.

MEMORANDUM OF DECISION - 6

**B. The Bankruptcy Case.**

Defendant Steven Rule filed a Chapter 7 bankruptcy petition on May 19, 2004. Bankr. Case No. 04-01799, Docket No. 1.[3] The Idaho Supreme Court entered an order suspending Defendants' appeal after Defendants notified the court of Mr. Rule's bankruptcy filing. Aff. of Hess, Ex. Q, Docket No. 13.[4]

Plaintiffs commenced this adversary proceeding on August 24, 2004, alleging that the entire debt represented by the judgment is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) (fraud, false pretenses, or false representations), (a)(2)(B) (fraudulent writings), (a)(4) (fraud by a fiduciary, embezzlement, or larceny), and (a)(6) (willful and malicious injury). Compl., Docket No. 1. Defendants deny the allegations. Ans., Docket No. 6. Plaintiffs filed a motion for summary judgment on March 10, 2005, Docket No. 12, arguing that the judgment should have preclusive effect under the theory of issue preclusion, negating the need for a trial on their claims under § 523(a), with respect to the state court's award of $200,000 as damages for fraud and the $50,000

---

[3] The Court takes judicial notice of its files in the related bankruptcy case of Defendant Steven Rule under Fed. R. Evid. 201(c).

[4] In its order, the Idaho Supreme Court expresses the opinion that the appeal is subject to the automatic stay of 11 U.S.C. § 362, and that it therefore has suspended any further proceedings. This Court expresses no opinion on the matter, as it has not been asked to decide the issue in the context of these or any other proceedings.

MEMORANDUM OF DECISION - 7

awarded for punitive damages.

## Disposition

**A. Summary Judgment Standard.**

Fed. R. Civ. P. 56(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7056, instructs that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In the context of a motion for summary judgment, the Court may not weigh the evidence or draw inferences from the record. Rather, the Court should decide only whether there are any material facts in dispute, and whether the moving party is entitled to a judgment as a matter of law. *Perry v. U.S. Bank Nat'l Ass'n ND* (*In re Perry*), 03.2 I.B.C.R. 128, 129 (Bankr. D. Idaho 2003) (internal citations omitted). The initial burden is on the moving party to show that no genuine issue of material fact exists, and a failure to do so with respect to any required element of the cause of action is fatal to the motion. *Esposito v. Noyes* (*In re Lake Country Investments, LLC*), 255 B.R. 588, 597 (Bankr. D. Idaho 2000).

MEMORANDUM OF DECISION - 8

**B. Issue Preclusion.**

In *Dominguez v. Elias* (*In re Elias*), 302 B.R. 900, 910–912 (Bankr. D. Idaho 2003), this Court discussed the elements of issue preclusion under Idaho law. For issue preclusion to apply, Plaintiffs must show:

> (1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Elias*, 302 B.R. at 911 (citing *Rodriguez v. Dep't of Correction*, 29 P.3d 401, 404 (Idaho 2001)). If these requirements are satisfied, a state court judgment should be afforded preclusive effect in a bankruptcy discharge action.

In contrast to a judgment entered after a trial, in which case issue preclusion generally may be invoked, this is a situation involving a judgment entered to effect a pre-trial settlement agreement of the parties. In cases involving consent judgments, unless a showing is made that the parties intended the judgment to determine questions of fact and law, "the judgment has no greater dignity, so far as collateral estoppel [issue preclusion] is concerned, than any judgment entered only as a compromise of the parties." *United States v. Int'l Bldg. Co.*, 345 U.S.

MEMORANDUM OF DECISION - 9

502, 506 (1953). *See also Arizona v. California*, 530 U.S. 392, 414 (2000) (explaining that judgments entered by consent of the parties "ordinarily occasion no issue preclusion (sometimes called collateral estoppel), unless it is clear . . . that the parties intend their agreement to have such an effect."); *In re Berr*, 172 B.R. 299, 312–13 (B.A.P. 9th Cir. 1994) (noting that when a judgment has been entered by consent or stipulation prior to trial on the issues, collateral estoppel ordinarily does not apply unless the parties can show that they intended the judgment to have such an effect).[5]

Upon review of the state court's record, the Court concludes that Plaintiffs' judgment, entered as a result of the parties' stipulation to implement their settlement, was not intended to actually adjudicate the critical issues raised by Plaintiffs' state court complaint, and therefore can not serve to bind Defendants in this adversary proceeding.[6] Although not all components of the parties' stipulation

---

[5] Although the above cited cases were decided under federal issue preclusion doctrine, the Court considers the authority persuasive. Moreover, although there is no controlling Idaho authority discussing the issue presented here, Idaho has cited with approval other provisions contained within RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982), which is the same section cited by the Supreme Court in *Arizona*. *See Eastern Idaho Agricultural Credit Ass'n v. Neibaur*, 987 P.2d 314, 320 (Idaho 1999); *Harrison v. Nancy Lee Mines, Inc.*, 714 P.2d 529, 530 (Idaho 1985).

[6] The proposed covenant not to execute did include a provision providing that the money judgment would be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Aff. of Hess, Ex. K at 10, ¶ 10, Docket No. 13. However, the state court judge specifically found, in denying Defendants' motion to enforce the judgment, that the covenant not to execute had never been signed, and that the parties did not

MEMORANDUM OF DECISION - 10

were effected by the judgment, it is undisputed that the parties agreed judgment would be entered against both Defendants in the amount of $400,000. But, nowhere in the record is there an indication that, via the stipulation, Defendants admitted any of the allegations of Plaintiffs' complaint. Nor does it appear that the state court independently resolved any issues of fact or law in entering the judgment, instead acting solely because the parties had reached an agreement. Therefore, the allegations concerning the nature and legal implications of Defendant Steven Rule's conduct, as pled in Plaintiffs' state court complaint, can not be relied upon here as true.[7]

The fact that the state court judgment apportioned the $400,000 award into components does not alter the Court's conclusion. The Supreme Court in *Arizona* faced a similar situation involving a consent judgment entered awarding damages to the Quechan Tribe on alternate, but mutually exclusive, theories of recovery concerning the Tribe's water rights claims. In the absence of clearly expressed intentions of the parties, the Supreme Court looked to the words of the

---

stipulate in open court that the terms of the proposed covenant represented their agreement. Aff. of Hess, Ex. O at 10, Docket No. 13. Therefore, it can not be relied upon to prove the parties' intent.

[7] These facts differ markedly from those in *Elias*, where the state court judgment was entered by default. Under Idaho case law, a default judgment may be used for issue preclusion if the issues raised in the second action are the same as those in the first. *Elias*, 302 B.R. at 911–12.

judgment itself, and explained that:

> Had the case proceeded to final judgment upon trial, the Tribe might have won damages for a taking . . . . Alternatively, however, the Tribe might have obtained damages for trespass . . . .  The consent judgment embraced all of the Tribe's claims.  There was no election by the Tribe of one theory over the other, nor was any such election required to gain approval for the consent judgment.

*Arizona*, 530 U.S. at 417.  Finding the settlement documents ambiguous as between mutually exclusive theories of recovery, the Court held that the United States could not rely on the judgment to preclude litigation of the issues in a subsequent case. *Id.* at 418.

Here, too, in the absence of any clear intention by the parties that the stipulation have preclusive effect, the state court's judgment in this action is likewise ambiguous.  Although the judgment awards $200,000 to Plaintiffs for Defendants' "breach of fiduciary duty, fraud, and slander of title claims," the judgment does not break down this amount for each of these theories of recovery, or as between Defendants.[8]  The Court simply can not tell from the face of the judgment, or from the terms of the oral stipulation recited upon the record, what

---

[8] Again, a transcript of the second hearing, held after the proposed settlement was reached for the purpose of determining how the judgment would be allocated, may have been helpful to the Court.  But as previously noted, neither party submitted a transcript of those proceedings.

MEMORANDUM OF DECISION - 12

portion of the $200,000 is attributable, if at all, to Defendants' alleged fraud, or to the other two claims encompassed in the award for that matter.  And, the judgment is unclear as to whether this award was premised upon the individual conduct of Defendant Steven Rule, or that of some other representative of Rule Sales & Service, Inc.

The failure to elect between the three alternate theories of recovery is also fatal to Plaintiffs' arguments here because even assuming that their fraud and slander of title claims would support the application of issue preclusion, Plaintiffs' breach of fiduciary duty claim would not.  In reviewing Plaintiffs' pleadings, no facts are pled which would support a finding that Steven Rule acted as a fiduciary as to Plaintiffs under the strict standard applicable to claims under 11 U.S.C. § 523(a)(4).  Compl., Count 3, Docket No. 1; Mem. at 12, Docket No. 14.  Although § 523(a)(4) applies to debts for the debtor's fraud or defalcation while acting in a fiduciary capacity, it requires the debtor's fiduciary relationship with the creditor to arise from either an express or technical trust.[9]  Neither Plaintiffs' state court complaint, nor their adversary complaint, alleges facts which would suggest

---

[9] The fiduciary relationship requirement under § 523(a)(4) was explained in *Streibick v. Murrell* (*In re Murrell*), 04.3 I.B.C.R. 122, 125 (Bankr. D. Idaho 2004).  The decision makes it clear that corporate officers, although fiduciaries as to the corporation and its shareholders under state law, do not qualify under the narrower and more restrictive standard of § 523(a)(4).

MEMORANDUM OF DECISION - 13

the requisite fiduciary relationship exists for purposes of § 523(a)(4). The entire $200,000 in damages awarded by the state court could arguably have been based on Defendants' alleged breach of fiduciary duty, and would thereby constitute a dischargeable debt. Like the settlement agreement in *Arizona*, then, the consent judgment is too ambiguous to serve as a foundation for issue preclusion.

Finally, Plaintiffs argue that $50,000 in punitive damages were awarded in connection with its state court claim alleging Defendants committed a slander of title, and that the state court found Defendants' conduct was outrageous and malicious such that their claim under § 523(a)(6) is preclusively established. Pls.' Mot. at 12–13, Docket No. 12. However, the state court awarded Plaintiffs what it deemed to be punitive damages "to punish the defendants and to deter the defendants from any future similar conduct." As with the other claims, the state court issued no factual findings concerning the basis for this component of the award either. There is also nothing in the record to suggest Defendants admitted to any conduct that would support such an award. While Plaintiffs sought and were allowed to plead a claim for punitive damages, Aff. of Hess, Ex. G, Docket No. 13, the judgment simply declares that the award is to punish and deter Defendants' conduct, without elaborating as to what particular conduct, or whose, supported the award so as to justify giving the judgment preclusive effect here under § 523(a)(6).

MEMORANDUM OF DECISION - 14

The Court therefore declines to declare the punitive damage portion of the judgment nondischargable under § 523(a)(6).

## Conclusion

The state court judgment was entered to implement the parties' settlement agreement, and there has been no showing that the parties intended the judgment to have preclusive effect concerning Plaintiffs' claims that the judgment should be excepted from discharge. The state court judgment is also ambiguous. It is simply impossible to for this Court to conclude, based upon this record, that the state court adjudicated the critical issues of fact and law necessary to accord preclusive effect to that judgment for purposes of Plaintiffs' § 523(a) action. Thus, Plaintiffs' motion for summary judgment will be denied by entry of a separate order.

Dated: May 3, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge